The opinion of the Court was delivered by
Munro, J.
By the 22d section of the Act of 1839, concerning the office and duties of clerks of courts, &c., (11 Stat. 77,) it is declared “ Whenever security for costs may be ordered to be given, or may be tendered by any plaintiff, in vacation or in term time, the clerk aforesaid shall witness the signature of the surety,' and shall in the first instance judge of the sufficiency of the security; the form of the undertaking to be according to the rule of Court on that subject.” The rule of court referred to is the 74th, in which the form of the undertaking is prescribed, and it expressly declares, that no other form than the one prescribed shall be regarded as a compliance with the rule, so that there is not the slightest' pretence for saying that the entry of security for costs in this casé was, “ a substantial compliance with the law.” This being the case, the only response that we can make to the appellants’ grounds of appeal, is this — that unless an order requiring a party to enter security for costs, be strictly complied with in conformity with the requirements of the section of the Act and the rule of court referred to, the party neglecting to comply must expect to take the consequences that were so properly visited by the Circuit Judge upon the plaintiffs in this case.
The motion is dismissed.
O’Neall, Wardlaw, Withers, Whitner, and Glover, JJ., concurred.
Motion refused. •